See also Tex.Civ.App., 313 S.W.2d 550.

**F. N. ROBINSON et al., Appellants,**

**v.**

**Eva Palmer COMPTON, Appellee.**

**No. 3441.**

Court of Civil Appeals of Texas.

Eastland.

April 17, 1959.

Rehearing Denied May 8, 1959.

Fred Wright, Throckmorton, Tom M. Miller, Graham, for appellants.

James F. Fanning, Comanche, C. O. Mc-Millan, Stephenville, for appellee.

GRISSOM, Chief Justice.

J. W. Robinson died leaving a will in which he devised some property to his deceased wife's sister, Eva Palmer Compton, and appointed her independent executrix of his estate. Mrs. Compton probated the will and qualified as executrix. J. W. Robinson's heirs at law brought this suit against Mrs. Compton contending that Mr. Robinson devised to Mrs. Compton only that portion of his estate which she owned jointly with him and that he died intestate as to all other property. The will to be construed, omitting the formal parts and conclusion, is as follows:

"That I, J. W. Robinson of Gustine, Texas, being of sound mind and disposing memory, do make this my last will and testament, hereby revoking and cancelling all former will and codicils to wills heretofore made by me, I do severally, J. W. Robinson, Will, devise and bequeath to Eva Palmer Compton, all real property wherever situated, lying and being together with all improvements, hereditaments and appurtenances thereunto in any manner belonging or appertaining and all personal property of whatsoever name or character and all choses in action wherever the same may be and whatever the same may be, that she Eva Palmer Compton, may jointly, or severally, be seized of or be entitled to at the time I am deceased;

"I do jointly and severally will and direct that neither the probate Court of Comanche County or any other County in Texas, shall have anything to do with the management control or disposition of my joint or several estate, except in so far as the law requires in respect to an inventory and appraisment of the same, but Eva Palmer Compton, hereinbefore named and hereinafter appointed executrix or executor of this will, shall without security or bond of any kind, have the same power that I now have, to control, sell, mortgage, pledge or otherwise dispose of, as she may elect, any part or all of the estate covered by this will and to the end that this may be carried out in its spirit and intend. I, J. W. Robinson, do nominate and appoint Eva Palmer Compton, executor of this my last will."

It was executed in February, 1947. It was witnessed by Odis Petsick and wife. Mr. Robinson died in February, 1957. Judgment was rendered construing the will as devising to Mrs. Compton all of Mr. Robinson's estate. Mr. Robinson's heirs at law have appealed.

Appellants present many points which will not be discussed in detail. The trial was to the court. No findings of fact or conclusion of law were requested. We are, therefore, required to presume that the court found every fact necessary to support the judgment in favor of Mrs. Compton that finds support in the evidence and, further, that the court did not consider any evidence which was not admissible.

Appellants' chief contention is that the will disposed of only the property which Mr. Robinson owned jointly with Mrs. Compton; that he died intestate as to the remainder and that they inherited the same as his heirs at law. We think the will is ambiguous. Shortly prior to its execution, Mr. Robinson's wife, the elder sister of Mrs. Compton, had died and Mr. Robinson had probated a will executed by him and his wife jointly. That will, omitting the formal parts and conclusion, was as follows:

"That we, J. W. Robinson and wife Lena Robinson of Gustine, Texas, being

of sound minds and disposing memories, do make this our, his and her last will and testament, hereby revoking and cancelling all former will and codicils heretofore made by us or either of us, we do severally, J. W. Robinson the husband of his wife Lena Robinson, and Lena Robinson, wife to her husband, J. W. Robinson, will, devise and bequeath to the survivor at the decease of the other, all real property wherever situated, lying and being together with all improvements, hereditaments, and appurtenances thereunto in any manner belonging or appertaining, and all personal property of whatsoever name or character, and all choses in action wherever the same may be and whatever the same may be, that we may jointly or severally be seized of or be entitled to at the time of the decease of one or other. It being our intention joint and several by this joint will to constitute the one who does survive the other, the sole devisee and legatee of the deceased.

"We do jointly and severally will and direct that neither the Probate Court of Comanche County or any other County in Texas, shall have anything to do with the management control or disposition of our joint or several estates, except in so far as the law requires in respect to an inventory and appraisement of the same, but that my wife, Lena Robinson, and my husband, J. W. Robinson, hereinbefore named and hereinafter appointed executrix or executor of this will, shall without security or bond of any kind, have the same power that we or either of us now have, to manage, control, sell, morgate, pledge or otherwise dispose of, as he or she may elect, any part or all of the estate covered by this will and to the end that this may be carried out in its spirit and intent, I, J. W. Robinson, do nominate and appoint my wife, Lena Robinson, the executrix of this my last will and I, Lena Robinson, do nominate and appoint my husband J. W. Robinson, executor of this my last will."

It was witnessed by Odis Petsick and Eva Compton. There was evidence that the will in controversy was written on a typewriter by Mr. Petsick, an employee of Mr. Robinson, under the direction of Mr. Robinson and that they used the joint will of Mr. and Mrs. Robinson as a form or guide, in writing this will. This is evident from a comparison of the wills. There is evidence that neither Mr. Petsick nor Mr. Robinson were lawyers; that Mr. Robinson's formal education consisted of a third or fourth grade education. The repeated use of the words jointly and severally, and the like, are reasonably accounted for by the fact that they lacked knowledge of their meaning and inappropriately copied them from said joint will.

■■ A court will not presume a testator intended to bequeath to his beneficiary property she already owned. Such is the literal meaning of the last portion of the first paragraph of the will, wherein it appears the testator was giving to Mrs. Compton property that she might "jointly or severally be seized of or be entitled to at the time I am deceased", nor will it presume that he intended to appoint her executrix of her own estate. Of course, the will must be construed as a whole. Bearing more directly upon appellants' main contention, regardless of its defects and awkward provisions, the will does not purport to devise to Mrs. Compton property that she and Mr. Robinson owned jointly. It does not say anything about property that Mrs. Compton and Mr. Robinson owned jointly. It is presumed that a testator intends to devise only his own property; that he does not intend to attempt to dispose of the property of another and that he does not intend to die intestate as to any part of his estate.

■ There is evidence to the effect that when Mr. Robinson was a very young man he moved to Gustine, started to work there as a barber and stayed at a small hotel operated by Mrs. Compton's mother and

father; that Mrs. Compton was then about seven; that Mr. Robinson became like one of the family; that he continued to live in the same hotel with them and was there when Mrs. Compton's father died; that he married her older sister; that Mrs. Compton and her brother were then minors; that Mrs. Compton's father at the time of his death was engaged in the mercantile business and Mr. Robinson took charge of and operated the store thereafter for the family; that he was fond of Mrs. Compton and treated her as if she were his child; that he sent her to school and that his life insurance was payable to her alone. Without discussing the evidence in further detail, it was sufficient to authorize the court to find, as it presumably did, that Mr. Robinson intended to leave all of his property to Mrs. Compton and that he did not intend to die intestate as to any property.

We have carefully considered all of appellants' points and have concluded that reversible error is not shown. The judgment is affirmed.